[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Henry,* Slip Opinion No. 2016-Ohio-1525.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1525

THE STATE OF OHIO, APPELLEE, *v.* HENRY, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Henry,* Slip Opinion No. 2016-Ohio-1525.]

*Mandamus—Appeal from six entries of court of appeals dismissed as untimely as to four entries—Court of appeals' judgment affirmed as to other two entries because court did not err in denying motion to strike or in striking notice of appeal improperly filed in court of appeals.*

(No. 2015-1195—Submitted January 26, 2016—Decided April 14, 2016.)

APPEAL from the Court of Appeals for Crawford County, No. 3-5-01.

_____

**Per Curiam.**

{¶ 1} Appellant, Marvin E. Henry, was found guilty of disorderly conduct. In the course of appealing that judgment pro se, he filed a complaint for a writ of mandamus under the same case number as the appeal. He also filed a motion for a stay of the appeal proceedings pending resolution of the mandamus action. On April 30, 2015, the court of appeals struck the complaint, reasoning that a

mandamus action is a separate civil proceeding and is not properly filed as a pleading in a pending appeal. On July 20, 2015, Henry filed in this court a notice of appeal of the court of appeals' April 30 entry as well as its May 8, 2015 entries dismissing his appeal for failure to prosecute and denying his motion to file a brief out of time; May 28, 2015 entry denying his motion to strike the memorandum in support of a motion to strike; June 17, 2015 entry denying a second motion to strike; and July 2, 2015 entry striking filings purporting to appeal the matter to this court.

{¶ 2} Henry's notice of appeal was filed more than 45 days after issuance of the court of appeals' entry striking the mandamus complaint and the three entries the court issued in May 2015. As to those four entries, we dismiss Henry's appeal because his notice of appeal is untimely. S.Ct.Prac.R. 6.01(A)(1) and 7.01(A)(1)(a)(i).

{¶ 3} It is unclear whether the court of appeals' entries of June 17 and July 2 pertain to Henry's mandamus action or to the appeal of his criminal case. To the extent that they pertain to his criminal appeal, we decline jurisdiction to decide them.

{¶ 4} To the extent that the June 17 and July 2 entries pertain to Henry's mandamus action, we affirm the court of appeals. As to the June 17 entry, the court of appeals correctly determined the motion to strike to be without merit and to have been filed long after the appeal was dismissed. As to the July 2 entry, the court of appeals correctly explained that a notice of appeal of a judgment of the court of appeals should be filed in this court and not in the court of appeals.

Appeal dismissed in part

and judgment affirmed in part.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Marvin E. Henry, pro se.

January Term, 2016

_____